Mr. Justice Clayton
delivered the opinion of the Court.
This was a writ of habeas corpus, issued to recover possession of a slave, under, the statute of this State. How. & Hutch. 665. The defendant, William Hardy, answered, that he once had the boy in possession, whom he had purchased, and for whom he had paid ; but, since that time, and before the issuance or service of this writ, he had made a bona fide sale of the boy for valuable consideration, and delivered possession to the purchaser, who resided in the same county.
The counsel for the petitioner objected to this return as insufficient, because the añswe'r admitted the force, and offered no sufficient excuse for failure to produce the slave. The Judge adopted this view, and directed the defendants to deliver the slave to the .petitioner in ten days, or that they then be considered in contempt; that an attachment issue, and that they be imprisoned till they comply with the order.
The statute directS'that, if any person, being in possession of any slave taken by force, stratagem, or fraud, shall refuse, delay, or neglect to obey a writ of habeas corpus, after the same shall have been served, and shall conceal or remove such slave out of the State, to avoid legal process, the person so offending shall be sub *320 jected to certain penalties therein prescribed. The question arises, whether the judgment is in accordance with the statute. We think it is not. No evidence was offered to contradict the return; indeed, no testimony of any kind was taken. The affidavits made to obtain the writ cannot be regarded as testimony upon the hearing.
The party had parted with the possession of the slave before the issuance or service of the writ, to a person residing in the same county, under a bona fide sale for valuable consideration, as he alleges. If this were true, — and, in the absence of evidence to the contrary, we cannot say it was not so, — then he was not within the statute, because this did not take place after its service.
The statute, moreover, directs the writ to be issued to the person found in possession of such slave ; it is therefore, in terms, inapplicable to a person not in possession at the time it is issued. A fraudulent or collusive change of possession to avoid the operation of the-writ would be disregarded, but then the petitioner must show the change of possession to be of that character, and that the defendant still virtually has the possession. There was no such evidence in this cause.
The judgment below was erroneous, and the same is hereby reversed.